# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-486-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| APPROXIMATELY $88,125.00 IN UNITED STATES CURRENCY, | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's "Motion to Dismiss Claim for Failure to Respond to Discovery" (document #17) filed December 21, 2012; and Claimant Juan Becton's counsel's "Motion to Withdraw as Counsel" (document #18), "Affidavit" (document #19) and "Motion to Seal [Affidavit]" (document #20), all filed January 8, 2013. Claimant has not responded to Plaintiff's Motion to Dismiss and the time for filing a responsive brief has expired.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for the Court's consideration.

This forfeiture case was filed on September 20, 2010, related to the United States' seizure of $88,125.00 in cash as the alleged proceeds of drug trafficking. On November 3, 2010, Claimant, through counsel, filed a claim asserting his interest in the seized property and contesting its forfeiture <u>in rem</u>. The case is set for trial on February 4, 2013.

Some written discovery has been conducted and Claimant's deposition has been taken.

1

On October 16, 2012, the United States served Interrogatories and Requests for Production with a response date of November 19, 2012. Although the discovery period ended on November 30, 2012, Claimant's response date was extended to December 7, 2012 by agreement of counsel.

On December 7, 2012, Claimant partially responded to the United States' Request for Production, but did not respond at all to the United States' Interrogatories.

The United States alleges that Claimant's whereabouts are unknown. Claimant's counsel avers that although he has attempted to contact his client by telephone and certified mail, Claimant has not communicated with him since early November 2012. Counsel further avers that he is unable to locate Claimant.

At trial, if the United States establishes by a preponderance of the evidence that the cash is "subject to forfeiture," the burden will shift to Claimant to show that he is an "innocent owner." 18 U.S.C. §§ 983(c), 983(d)(2)(A)(i). As the United States argues in its Motion, Claimant's finances are relevant evidence. During discovery, Claimant is required to turn over all evidence relating to his contention that the cash in this case resulted from his "innocent," that is, non-criminal acts. The United States' first interrogatory asks the Claimant to state his monthly living expenses for the years 2009 and 2010. Claimant's assertion that he innocently possessed $88,125.00 in cash raises questions about his finances. The United States' second production request asks for the Claimant's 2010 federal tax returns. The information contained in a tax return also has a direct bearing on the Claimant's possession of $88,125.00 in cash. See United States v. $30,670 in U.S. Funds, 403 F.3d 448, 465-66 (7th Cir. 2005) (district court is entitled to rely on claimant's bankruptcy filing and tax returns in determining that claimant lacked

sufficient legitimate income to account for possession of large quantity of currency); United States v. 3714 Cancun Loop, 2002 WL 1035457, 4 (M.D.N.C. 2002) (under the "net worth" theory, court may presume that drug dealer's expenditures on his residence in excess of his legitimate income were derived from drug proceeds). The United States cannot prepare its case without this evidence.

A variety of sanctions are available under Rules 37 and 41 for a party's failure to obey rules governing discovery and orders of the District Court, including striking pleadings and entering default judgment against the offending party.   See Fed. R. Civ. P. 37(b); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); and Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-04 (4th Cir. 1977).

In Mutual Federal, the Fourth Circuit stated the four factors a District Court should consider in deciding whether to impose the sanctions of dismissal or entry of judgment.  These factors are:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id., 872 F.2d at 92, citing Wilson, 561 F.2d at 503-04.

The Fourth Circuit has emphasized the significance of establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing monetary sanctions or dismissing the action for failure to comply with discovery obligations.  See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v.

3

Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Applying those legal principles to this case, and recognizing that Claimant has not been warned previously of the likely consequences of his failure to perform his responsibilities as a litigant, the Court will order Claimant to respond to the United States' discovery requests.

The Court warns Claimant that he will be expected and required to conduct discovery, respond to discovery requests, and generally carry out any other duties and responsibilities related to this litigation with all diligence, including complying with the Local Rules, the Federal Rules of Civil Procedure, the Pretrial Order and Case Management Plan, and other Orders of the Court.

Moreover, the Court specifically warns Claimant that any further failure to respond to the United States' reasonable discovery requests, or to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure will result in the imposition of sanctions. Sanctions may include dismissal of his claim and entry of default judgment in favor of the United States.

## **ORDER**

**IT IS HEREBY ORDERED:**

1. Claimant Juan Becton is **ORDERED** to serve complete responses to the United States' First Request for Production and First Interrogatories within ten (10) days of the entry of this Order.

2. Counsel for the United States is directed to notify the Court promptly should Claimant fail to comply with the terms of this Order.

3. Claimant's counsel's "Motion to Withdraw as Counsel" (document #18) and "Motion

to Seal [Affidavit]" (document #20) are **GRANTED**. Claimant's counsel is directed to send a copy of this Memorandum and Recommendation and Order by certified mail to Claimant's last known mailing address and to attempt to notify him of the terms of this Memorandum and Recommendation and Order at his last known telephone number.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. If Claimant fully complies with the Court's Order, Plaintiff's "Motion to Dismiss Claim for Failure to Respond to Discovery" (document #17) be **DENIED WITHOUT PREJUDICE**.

2. If Claimant fails to comply fully with the Court's Order, Plaintiff's "Motion to Dismiss Claim for Failure to Respond to Discovery" (document #17) be **GRANTED**, that is, that Claimant's claim be **DISMISSED** and default judgment be **ENTERED** in favor of the United States.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also

preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; to the pro se Claimant at 8300 Pine Field Court, Charlotte, North Carolina 28227; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: January 8, 2013

David S. Cayer
United States Magistrate Judge