UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-00486-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **APPROXIMATELY $88,125.00 IN** | ) | |
| **UNITED STATES CURRENCY,** | ) | |
| | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on the plaintiff's in-court Motion to Dismiss and for Default Judgment as to the claim of Juan Jose Benton. For cause, the government has shown that despite being noticed that a Final Pretrial Conference would be held January 23, 2013, claimant failed to appear at the hearing. Further, the record reflects that Mr. Benton received personal notification of such hearing by and through his former counsel hand delivering a copy of such notification to him at his last known address. See Certificate of Counsel (#24). Although the hearing was calendared for 10:00 a.m., claimant had not appeared by 10:15 a.m., after which claimant was called and failed.

In considering dismissal or striking of the claim and Answer under Rule 41(b), Fed.R.Civ.P., and entering a default judgment under Rule 55, as well under Rule G(8)(c)(i), Supp.R.Gov.Admir.P., the court has considered not only claimant's failure to appear as required, but Mr. Benton's lack of diligence in pursuing his claim as to the *res* prior to such hearing. Mr. Benton's lack of diligence has risen to the level of abandonment of the claim as Mr. Benton has made no effort to comply with Judge Cayer's Order compelling him to produce discovery

1

responses, see Order (#21), as proffered by the government at the hearing. Finding (1) that claimant has been adequately warned by Judge Cayer in his Recommendation of the consequences of failing to pursue his claims, (2) that claimant has failed to provide required discovery, and (3) that he ultimately failed to appear for the final pretrial conference, the court will strike Mr. Benton's claim and Answer as provided by Rule G(8)(c)(i) and enter judgment in favor of the government condemning and forfeiting defendant United States Currency to the United States for the reasons set forth in the verified Complaint, and the affidavit attached in support thereof, which establish that such funds are the proceeds of, or were used or intended to be used, to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. §§801 *et seq.*, and are therefore subject to forfeiture to the United States pursuant to 21 U.S.C. §881(a)(6).

Finally, in accordance with Rule 37, Fed.R.Civ.P., the court has reviewed all other possible sanctions and determined that nothing short of striking claimant's claim will suffice as claimant has been provided every opportunity to provide essential discovery to support his claim, been previously warned, and has utterly ignored the discovery requests of plaintiff and Orders of this court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's Motion to Dismiss Claim (#17) and in-court Motion to Dismiss and for Default Judgment are **GRANTED,**

(2) the Memorandum and Recommendation (#21) is **AFFIRMED** in its entirety, and Judge Cayer's Recommendation that the claim of Mr. Benton be dismissed for non-compliance with the Order compelling discovery is **ACCEPTED**;

2

(3) the Claim and Answer filed by Mr. Benton are **STRICKEN;** and

(4) the Clerk of Court shall enter **JUDGMENT** in favor of the government and against Mr. Benton, as well as all other potential claimants, that defendant $88,125.00 in United States Currency is **CONDEMNED** and **FORFEITED** to the United States of America for disposition in accordance with law.

This action is terminated.

Signed: January 24, 2013

Max O. Cogburn Jr.
United States District Judge